**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

KERRY GARVIS WRIGHT - State Bar No. 206320
kgarviswright@glaserweil.com
THOMAS P. BURKE JR. - State Bar No. 288261
tburke@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:  (310) 556-2920

Attorneys for Petitioner
Marcy Simon

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARCY SIMON, an individual residing in New York,<br><br>            Petitioner,<br><br>v.<br><br>MAPLE BEACH VENTURES, LLC, a Nevada limited liability company; MAPLE BEACH VENTURES ONE, LLC, a Wyoming limited liability company; and MAPLE BEACH VENTURES ONE, LLC, a Delaware limited liability company;<br><br>            Respondents. | CASE NO.: 3:21-mc-80013<br><br>**PETITIONER MARCY SIMON'S NOTICE OF PETITION AND PETITION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT**<br><br>[9 U.S.C. § 9 (Federal Arbitration Act)]<br><br>*Declaration of Kerry Garvis Wright submitted concurrently herewith*<br><br>DATE:         TBD<br>TIME:          TBD<br>COURTROOM: TBD |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

<div style="text-align:center">**NOTICE OF PETITION AND PETITION**</div>

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on _____, 2021, at _____ a.m./p.m. in Courtroom ____ of the United States District Court for the Northern District of California, Petitioner Marcy Simon ("Petitioner" or "Ms. Simon") will petition the Court, under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, for an order ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ and for entry of judgment thereon.

This petition is based upon this Notice; the accompanying Memorandum of Points and Authorities; the Declaration of Kerry Garvis Wright and all exhibits thereto; any matters of which the Court may take judicial notice; and such other evidence and argument as may be presented on this petition.

<div style="text-align:center">**RELIEF SOUGHT**</div>

Ms. Simon seeks an order from this Court (i) confirming the Final Award, (ii) entering judgment in accordance with the Final Award, and (iii) awarding Ms. Simon her attorney's fees and expenses in incurred in connection with the enforcement of the judgment.

<div style="text-align:center">**MEMORANDUM OF POINTS AND AUTHORITIES**</div>

**I.   Introduction**

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

**PETITIONER MARCY SIMON'S PETITION TO
CONFIRM ARBITRATION AWARD**                                              **CASE NO. 3:21-mc-80013**

1952039

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1  ████████████████████████████████████
2  ████████████████████████████████████
3  ████████████████████████████████████
4  ██████
5  ████████████████████████████████████
6  ███████████████████████████████
7  ████████████████████████████████████
8  ████████████████████████████████████
9  ████████████████████████████████████
10 ███████████████████████████████████
11 ████████████████████████████████████
12 ████████████████████████████████████
13 ████████████████████████████████████
14 ████████████████████████████████████
15 ████████████████████████████████████
16 ████████████████████████████████████
17 ██████████████████████

18 II.   <u>Factual Background</u>

19 █  ████████████████
20 ███████████████████████████████████
21 ████████████████████████████████████
22 ████████████████████████████████████
23 ████████
24 █████████████████████████████████
25 ████████████████████████████████████
26 ████████████████████████████████████
27 ████████████████████████████████████
28 ████████████████████████████████████

**PETITIONER MARCY SIMON'S PETITION TO
CONFIRM ARBITRATION AWARD**

**CASE NO. 3:21-mc-80013**

1952039

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

[redacted]

3

PETITIONER MARCY SIMON'S PETITION TO CONFIRM ARBITRATION AWARD

CASE NO. 3:21-mc-80013

1952039

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



**PETITIONER MARCY SIMON'S PETITION TO
CONFIRM ARBITRATION AWARD**

**CASE NO. 3:21-mc-80013**

1952039

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



**PETITIONER MARCY SIMON'S PETITION TO
CONFIRM ARBITRATION AWARD**

**CASE NO. 3:21-mc-80013**

1952039

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

[Lines 1–25 redacted]

III.  <u>Jurisdiction and Venue</u>

[Line 28 redacted]

7

**PETITIONER MARCY SIMON'S PETITION TO
CONFIRM ARBITRATION AWARD**

**CASE NO. 3:21-mc-80013**

1952039

1. █████████████████████████████████
2. █████████████████████████████████
3. ██████████████████████
4. ███████████████████████████
5. █████████████████████████████████
6. ████████████████████████████
7. █████████████████████████████
8. █████████████████████████████████
9. █████████████████████████████████
10. █████████████████████████████████
11. █████████████████████████████████
12. █████████████████████████████████
13. █████████████████████████████████
14. ████

### IV.  Argument

The FAA provides that a party may apply to the court for an order confirming an arbitration award if the parties' agreement provides that a court judgment is to be entered upon the award. 9 U.S.C. § 9. As stressed by the Ninth Circuit on numerous occasions, judicial review of an arbitration award "is both limited and highly deferential." *Coutee v. Barrington Capital Grp., L.P.*, 336 F.3d. 1128, 1132 (9th Cir. 2003) (citing *Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc.*, 84 F.3d 1186, 1190 (9th Cir. 1996). ████████████████████████████████████████████████████████████████████████████████████████████████████████████████ The FAA provides that "the court ***must*** grant such an order unless the award is vacated, modified, or corrected as prescribed in [9 U.S.C.] sections 10 and 11." 9 U.S.C. § 9 (emphasis added); *see also Hall Street Assocs. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) ("There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the

'prescribed' exceptions applies"); *Bosworth v. Cubicon Corp.*, 2016 WL 4088879, at *1 (N.D. Cal. Aug. 2, 2016) (Alsup, J.) ("A district court *must* confirm an arbitration award unless it is vacated pursuant to Section 10 or modified pursuant to Section 11 ….") (emphasis in original).

The grounds for vacating or correcting an arbitration award under Sections 10 and 11 are limited to: (1) fraud in the procurement of the agreement; (2) arbitrator corruption; (3) arbitrator misconduct or exceeding of powers; and (4) corrections for material miscalculations, exceeding of powers, or imperfection of form. *G.C. & K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1104 (9th Cir. 2003). As Section 10 provides the exclusive grounds for vacatur of an arbitration award, a party seeking vacatur "must clear a high hurdle." *Smith v. VMware, Inc.*, 2018 WL 3744472, *1 (N.D. Cal. Aug. 7, 2018) (Gilliam, J.) (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010)).

Thus, "[c]onfirmation is a summary proceeding that converts a final arbitration award into a judgment of the court." *K&M Installation, Inc. v. United Brotherhood of Carpenters, Local 405*, 2016 WL 1559712, at *2 (N.D. Cal. Apr. 18, 2016) (James, M.J.) (quoting *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Sys., Inc.*, 665 F.3d 1091, 1094 n.1 (9th Cir. 2011)). Because the exceptions to confirmation are so limited, "review of the award itself is 'both limited and highly deferential' and an arbitration award may be vacated only if it is 'completely irrational' or 'constitutes manifest disregard of the law.'" *PowerAgent Inc. v. Electronic Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004) (quoting *Coutee*, 336 F.3d at 1132-33; *see also Hall Street*, 552 U.S. at 588 ("Instead of fighting the text, it makes more sense to see the three provisions, §§ 9-11, as substantiating a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway"); *K&M Installation*, 2016 WL 1559712 at *2-3. Under that standard, "confirmation is required even in the face of erroneous findings of fact or misinterpretations of law." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (quoting *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986) (internal quotations omitted). A showing of error—"or even a serious error"—is insufficient to set aside an arbitration award. *Stolt-Nielsen*, 559 U.S. at 671.

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

[Redacted]

V.  **Conclusion**

[Redacted]

DATED: January 19, 2021

GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP

By: _____
KERRY GARVIS WRIGHT
THOMAS P. BURKE JR.
Attorneys for Petitioner
Marcy Simon

