# Exhibit A

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1  KERRY GARVIS WRIGHT - State Bar No. 206320
   kgarviswright@glaserweil.com
2  THOMAS P. BURKE JR. - State Bar No. 288261
   tburke@glaserweil.com
3  GLASER WEIL FINK HOWARD
     AVCHEN & SHAPIRO LLP
4  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
5  Telephone:  (310) 553-3000
   Facsimile:   (310) 556-2920
6
   Attorneys for Petitioner
7  Marcy Simon

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12

13  MARCY SIMON, an individual residing in New       CASE NO.: 3:21-mc-80013
    York,
14
                    Petitioner,                      **PETITIONER MARCY SIMON'S NOTICE
15                                                    OF PETITION AND PETITION TO
    v.                                                CONFIRM ARBITRATION AWARD AND
16                                                    FOR ENTRY OF JUDGMENT**
    MAPLE BEACH VENTURES, LLC, a Nevada
17  limited liability company; MAPLE BEACH           [9 U.S.C. § 9 (Federal Arbitration Act)]
    VENTURES ONE, LLC, a Wyoming limited
18  liability company; and MAPLE BEACH               *Declaration of Kerry Garvis Wright
    VENTURES ONE, LLC, a Delaware limited            submitted concurrently herewith*
19  liability company;
                                                     DATE:                    TBD
20                  Respondents.                     TIME:                    TBD
                                                     COURTROOM:               TBD
21

22

23

24

25

26

27

28

                                        0

Glaser Weil

## NOTICE OF PETITION AND PETITION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on _____, 2021, at _____ a.m./p.m. in Courtroom ____ of the United States District Court for the Northern District of California, Petitioner Marcy Simon ("Petitioner" or "Ms. Simon") will petition the Court, under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, for an order confirming the binding Corrected Final Award, dated January 13, 2021, rendered pursuant to the rules of arbitration of JAMS by a duly appointed arbitrator (the "Final Award") in an arbitration between Ms. Simon and Respondents Maple Beach Ventures, LLC, a Nevada limited liability company ("MBV"), Maple Beach Ventures One, LLC, a Wyoming limited liability company ("MBVOne Wyoming"), and Maple Beach Ventures One, LLC, a Delaware limited liability company ("MBVOne Delaware") (collectively, "Respondents"), and for entry of judgment thereon.

This petition is based upon this Notice; the accompanying Memorandum of Points and Authorities; the Declaration of Kerry Garvis Wright and all exhibits thereto; any matters of which the Court may take judicial notice; and such other evidence and argument as may be presented on this petition.

## RELIEF SOUGHT

Ms. Simon seeks an order from this Court (i) confirming the Final Award, (ii) entering judgment in accordance with the Final Award, and (iii) awarding Ms. Simon her attorney's fees and expenses in incurred in connection with the enforcement of the judgment.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     Introduction

On January 13, 2021, the Honorable William J. Cahill (Ret.), a duly appointed arbitrator of JAMS issued a Corrected Final Award in *Marcy Simon v. Maple Beach Ventures, LLC, et al.*, JAMS Reference No. 1100105449, awarding Ms. Simon:

- Damages in the total amount of $101,359.42, plus pre-judgment interest of 10%; and
- A declaration that she has "a right to 10% of the after-tax amounts that ███████ ███████ [sic] receives in final disposition of its ████ investment in Uber,

1

**Glaser Weil**

1    minus all related costs incurred by ▇▇▇▇▇▇▇▇ in relation to the Uber

2    Investment." Final Award at p. 47, ¶ 7. (A true and correct copy of the Final Award

3    is attached to the Declaration of Kerry Garvis Wright ("Garvis Wright Decl.") as

4    **Exhibit 1**).

5        Additionally, because Ms. Simon was determined to be the "prevailing party," she was

6    awarded $297,426.50 in attorneys' fees and $62,326.79 in expenses. *Id.* at p. 47, ¶ 8.

7        The Court should confirm the Final Award and enter judgment thereon, pursuant to Section

8    9 of the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, because (1) Judge Cahill issued the Final

9    Award pursuant to the provisions of a valid and binding arbitration agreement between the parties,

10   (2) Ms. Simon timely filed this Petition to Confirm, and (3) none of the limited exceptions to

11   confirmation of an arbitration award are applicable. Judicial review of the Final Award is limited

12   and deferential and the Court "must grant" an order confirming the Final Award unless grounds

13   exist to vacate, modify, or correct the award pursuant to 9 U.S.C. §§ 10 and 11. As Respondents

14   cannot show that any of the statutory exceptions to confirmation apply, Ms. Simon respectfully

15   requests that the Court confirm the Final Award in its entirety and enter final judgment thereon enter

16   judgment thereon, and award Ms. Simon her attorney's fees and costs post-dating the Final Award

17   incurred in connection with enforcement of the judgment.

18   **II.**   **Factual Background**

19        **A.**   **The Parties' Agreements**

20   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

21   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

22   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

23   ▇▇▇▇▇▇▇▇▇▇▇

24   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

25   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

26   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

27   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

28   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

PETITIONER MARCY SIMON'S PETITION TO
CONFIRM ARBITRATION AWARD                              CASE NO. 3:21-mc-80013

1952039

1 ██████████████████████████

2 ██████████████████████████████

3 ██████████████████████████████████

4 ██████████████████████████████████

5 ██████████████████████████████████

6     In September 2014, to memorialize their agreements, Ms. Simon and █████████

7 entered into a Settlement Agreement and Mutual Release ("the Settlement Agreement") and a Non-

8 Disclosure Agreement ("the NDA"), both dated as of September 19, 2014. Additionally, Ms. Simon

9 and Maple Beach Ventures, LLC ██████████████████████████

10 ██████████████████████ entered into a Consulting Agreement, also

11 dated as of September 19, 2014 ("the Consulting Agreement"). The Agreements were amended on

12 October 10, 2016 in a written Amendment No. 1 signed by Ms. Simon, █████, and MBV.

13 (The Settlement Agreement, the NDA, the Consulting Agreement, and the Amendment are referred

14 to collectively as "the Agreements"). (True and correct copies of the Agreements are attached to the

15 Garvis Wright Decl. as **Exhibits 2 through 5**.)

16     Pursuant to the Consulting Agreement, MBV agreed to engage Ms. Simon for a five-year

17 renewable term as a consultant to provide "general business research consulting services and

18 introductions to potential investment opportunities," in exchange for which she would receive a

19 monthly consulting fee, reimbursement of certain business expenses, and payment of general

20 administrative expenses and expenses for Ms. Simon's attendance at or participation in conferences

21 and conventions related to her services. In addition, for investments made by MBV pursuant to the

22 Consulting Agreement, Ms. Simon was entitled to receive—upon the final disposition of the

23 investment—20% of the after-tax amounts MBV receives in excess of its investment.

24     Further, through the Consulting Agreement, MBV explicitly acknowledged and affirmed an

25 earlier oral agreement Ms. Simon and █████ had entered into as a result of Ms. Simon's

26 introduction to █████ of an investment in Uber Series B shares. █████ agreed that Ms.

27 Simon would be entitled to—and agreed to pay her—10% of the proceeds from the investment in

28 Uber Series B shares made by a separate but related entity, █████████ (the "Uber

3

1  Investment").

2        Ms. Simon performed under the Consulting Agreement, including by introducing MBV to

3  numerous investment opportunities, some of which MBV invested in, such as Hola Networks, Ltd.

4  and Brandtale. At first, MBV paid Ms. Simon pursuant to the terms of the Consulting Agreement,

5  including the ▮▮▮▮ monthly consulting fee (later reduced to ▮▮▮▮ with ▮▮▮▮▮▮▮

6  ▮▮▮▮▮▮▮▮▮▮), and reimbursed certain of Ms. Simon's business expenses. Then, in or about

7  August 2017, without justification, MBV stopped making any payments whatsoever to Ms. Simon

8  under the Consulting Agreement.

9  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

15 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16  **B.    The Arbitration Agreement and Plenary Hearing**

17  The Consulting Agreement contains an arbitration provision in Section 7.h:

18        <u>Arbitration</u>.        Any claim or dispute arising out of or relating to this agreement or the
        breach of this agreement shall be submitted to binding confidential arbitration in San
19        Francisco, California before the Judicial Arbitration and Mediation Service, which shall
        appoint a single arbitrator who shall have the power to resolve such claim or dispute. To the
20        extent possible, the parties agree to do such arbitration telephonically. The arbitrator shall be
        entitled to award any legal and equitable remedies the arbitrator deems appropriate in resolving
21        any claim, except that the arbitrator may not award lost profits or consequential damages of
        any kind, damages for emotional distress or punitive or exemplary damages. Consultant and
22        the Company agree to be bound by the award in such arbitration and judgment upon the award
        rendered by the arbitrator may be entered in any court having jurisdiction thereof. If any
23        arbitration, legal action or other proceeding is commenced which is related to this Agreement,
        the losing party shall pay the prevailing party's actual attorney's fees and expenses incurred in
24        the preparation for, conduct of or appeal or enforcement of judgment resulting from the
        proceeding. The phrase "prevailing party" shall mean the party who is determined in the
25        proceeding to have prevailed or who prevails by dismissal, default or otherwise. The Parties
        agree that, subject to any non-waivable disclosure obligations under applicable law, the
26        arbitration, and all matters relating thereto or arising thereunder, including, without limitation,
        the existence of any claim, the proceeding and all of its elements (including any pleadings,
27        briefs or other documents submitted or exchanged, any testimony or other oral submissions,
        any third party discovery proceedings, including any discovery obtained pursuant thereto, and
28        any decision of the arbitrator(s) or award), shall be kept strictly confidential, and each party

4

hereby agrees that such information shall not be disclosed beyond: (i) the arbitrator; (ii) the participants in the arbitration and their respective legal counsel; (iii) those agents assisting the Parties in the preparation or presentation of the arbitration; provided such agents are contractually or legally required to preserve the confidentiality of such information as contemplated by this Agreement; (iv) other employees or agents of the Parties with a need to know such information who are contractually required to preserve the confidentiality of such information as contemplated by this Agreement. The Parties further agree that they will, to the fullest extent permitted by law, file under seal any claim, cause of action or proceeding relating to any arbitration sought, compelled or performed hereunder or any arbitration ruling or award issued. Disclosure under this Section 7.h., including any authorized disclosure by the disclosing party, does not relieve the receiving party of its obligations of confidentiality generally under this Agreement or any other agreement. In no event will the receiving party or its agents oppose an action by the disclosing party to obtain a protective order, order sealing documents, or other relief requiring that confidential information to be disclosed shall be treated confidentially in connection with any claim, action or proceeding.

Pursuant to the arbitration provision, on April 4, 2019, Ms. Simon initiated arbitration against MBV and Maple Beach Ventures One, LLC,[1] asserting claims for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) accounting; and (4) declaratory relief. Respondents originally alleged counterclaims against Ms. Simon but ultimately did not pursue those counterclaims at the evidentiary hearing and were awarded nothing (and not otherwise granted relief) on their counterclaims.

The Honorable William J. Cahill (Ret.) ("Arbitrator") conducted an evidentiary hearing in this arbitration proceeding on February 18–21, 2020 at the JAMS San Francisco, California offices. Ms. Simon, Mr. Rundell, and Alisa Baker, Esq., testified at the hearing. Numerous exhibits were offered and admitted. Respondents filed a post-hearing brief on April 6, 2020 and Petitioner filed a post-hearing brief on April 7, 2020. Both parties filed response briefs on April 27, 2020.

## C.   Post-Hearing Briefing and Awards

The Arbitrator issued an Interim Award on June 17, 2020, setting forth preliminary determinations and authorizing the parties to submit supplemental briefing if any outstanding issues remained unresolved. The Arbitrator also requested further information and evidence regarding the

---

[1] Ms. Simon originally named MBVOne Wyoming as a Respondent, based on information and belief that some or all of the investments made under the Consulting Agreement had been transferred to it. In post-hearing briefing, counsel for Respondents advised that in fact all of the investments had been transferred to MBVOne Delaware, which apparently was formed on the same day as MBVOne Wyoming. Respondents counsel produced a copy of the MBVOne Delaware operating agreement and a purported assignment agreement, true and correct copies of which are attached to the Garvis Wright Decl. as **Exhibits 6 and 7**, respectively. Respondents authorized adding MBVOne Delaware as a party to the arbitration. Final Award, p. 4.

5

Glaser Weil

1  amounts Respondents paid to Petitioner in monthly/regular consulting fees from October 1, 2016

2  through September 22, 2017. Lasty, the Arbitrator instructed Respondents to submit evidence

3  demonstrating which investments were finally disposed as of June of 2018 and the amounts of

4  "related costs incurred" by MVB for those investments. The parties filed post-Interim Award briefs

5  on June 29, 2020 and reply briefs on July 8, 2020.

6       On July 27, 2020, Ms. Simon filed a Motion to Reopen the Evidentiary Hearing, arguing that

7  information relevant to the proceeding had not been produced by Respondents, but had been

8  produced in another proceeding involving Mr. Rundell and a former business associate.

9  Respondents filed an opposition on August 3, 2020 and Petitioner filed a reply on August 17, 2020.

10  The Arbitrator conducted a hearing on the matter on August 21, 2020 and granted Petitioner's

11  motion on August 25, 2020. The Arbitrator ordered Respondents to produce additional evidence,

12  submit supplemental declarations, and provide further information regarding the exit of the Hola

13  investment.

14       On August 24, 2020, Ms. filed a follow-up brief detailing her understanding of the status of

15  the Hola investment made under the Consulting Agreement. Respondents replied to Petitioner's

16  brief on August 24, 2020, and, on September 4, 2020, Respondents submitted a brief containing the

17  additional information requested by the Arbitrator regarding the Hola investment.

18       On September 22, 2020, Respondents notified the Arbitrator that Maple Beach Ventures One

19  LLC, a Wyoming company, was named a respondent in Petitioner's Demand, but a second LLC,

20  also named Maple Beach Ventures One, was created in Delaware and that certain investments

21  related to this proceeding were transferred from Maple Beach Ventures, LLC to Maple Beach

22  Ventures One LLC (Delaware). Respondents authorized adding Maple Beach Ventures One LCC

23  (Delaware) as a party to the arbitration.

24       On October 7, 2020, Ms. Simon submitted a supplemental letter in which she elected to

25  forgo an additional evidentiary hearing and requested that the Arbitrator issue a final award

26  incorporating all matters raised in the post-interim award filings. Respondents filed a response on

27  October 8, 2020 and raised no objection to Ms. Simon's request to close the record.

28       On November 6, 2020, the Arbitrator notified the parties that the record lacked required

6

1952039

1    documentation supporting Petitioner's request for reimbursement of reasonable attorney fees and

2    costs. Petitioner filed supplemental briefings regarding her request for attorney fees and costs on

3    November 13 and 14, 2020 and Respondents filed a supplemental opposition on November 23,

4    2020.

5         The Arbitrator issued a final award on December 16, 2020. On December 23, 2020,

6    Respondents notified the Arbitrator that it believed two computation errors and one typographical

7    error appeared in the Final Award and Respondents sought relief under JAMS Rule 24(j). Petitioner

8    opposed Respondent's request on January 5, 2021. The Arbitrator considered Respondent's request

9    and modified the final award to address the computational and typographical errors noted by

10    Respondent.

11         The Corrected Final Award granted the following relief to Ms. Simon:

12    3. Claimant is entitled to damages for all regular consulting fees owed under the
agreements between October 10, 2016 and September 22, 2017. As detailed in §4(a)
13    of this Final Award, Claimant is entitled to damages in the amount of $40,000 for
regular consulting fees owed.
14

15    4. Claimant is also entitled to receive payment for administrative and conference
expenses due on September 19, 2017. As detailed in §4(a) of this Final Award,
16    Claimant is entitled to damages in the amount of $40,000 for administrative and
conference expenses.

17    5. Claimant is entitled to "Additional Compensation" for the Hola and Brandtale
investments, which MBV exited, or had the right to exit, prior to the June 18, 2018
18    termination. As detailed in §4(d) of this Final Award, Claimant is entitled to damages
in the amount of $9,787.19 for the Hola investment exit and $11,572.23 for the
19    Brandtale investment exit.

20    6. Claimant is entitled to obtain pre-judgment interest of 10% on all monetary
damages awarded as of the date of this Final Award.
21

22    7. Claimant is declared to have a right to receive 10% of the after-tax amounts that
▮▮▮▮▮▮▮▮▮▮▮▮ receives in final disposition of its ▮▮▮▮▮▮ investment in
23    Uber, minus all related costs incurred by ▮▮▮▮▮▮▮▮▮▮ in relation to the
Uber Investment. Payment to Claimant is due "upon the final disposition" of the
24    Uber Investment.

25    8. Claimant is the "prevailing party" in this proceeding and is entitled to $297,426.50
in attorney fees and $62,326.79 in expenses.

26

27    **III.**    **Jurisdiction and Venue**

28         This Court has jurisdiction over the petition to confirm because the parties are diverse and

Glaser Weil

1  the amount in controversy exceeds $75,000: Ms. Simon is an individual who resides in New York,

2  MBV is a Nevada limited liability company, MBVOne Wyoming is a Wyoming limited liability

3  company, and MBV Delaware is a Delaware limited liability company.

4     Venue is proper because the Final Award was made in the Northern District of California

5  and the parties agreed it could be confirmed in this District. Section 9 of the Federal Arbitration Act

6  ("FAA") provides that, if the parties specify a court, a petition to confirm may be brought in the

7  specified court. Alternatively, "where no court is specified" in the parties' agreement, a petition to

8  confirm "may be made in the United States court in and for the district within which such an award

9  was made." 9 U.S.C. § 9. Here, the parties expressly agreed in the Consulting Agreement that

10  "judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction

11  thereof." Garvis Wright Decl., Ex. 4 at p. 8, ¶ 7(h). In addition, Judge Cahill issued the Final Award

12  in San Francisco following arbitration proceedings that took place in San Francisco. Accordingly,

13  this is the appropriate venue for Ms. Simon's petition and the Court has jurisdiction to confirm the

14  Final Award.

15  **IV.   <u>Argument</u>**

16     The FAA provides that a party may apply to the court for an order confirming an arbitration

17  award if the parties' agreement provides that a court judgment is to be entered upon the award. 9

18  U.S.C. § 9. As stressed by the Ninth Circuit on numerous occasions, judicial review of an arbitration

19  award "is both limited and highly deferential." *Coutee v. Barrington Capital Grp., L.P.*, 336 F.3d.

20  1128, 1132 (9th Cir. 2003) (citing *Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc.*, 84 F.3d

21  1186, 1190 (9th Cir. 1996). In this case, Judge Cahill's Final Award is in all respects proper and

22  there are no legitimate grounds to vacate, modify, or correct. Accordingly, the Court should grant an

23  order confirming the Final Award and enter judgment in conformity.

24     Pursuant to Section 9 of the FAA, the Final Award must be confirmed. The FAA provides

25  that "the court ***must*** grant such an order unless the award is vacated, modified, or corrected as

26  prescribed in [9 U.S.C.] sections 10 and 11." 9 U.S.C. § 9 (emphasis added); *see also Hall Street*

27  *Assocs. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) ("There is nothing malleable about 'must grant,'

28  which unequivocally tells courts to grant confirmation in all cases, except when one of the

Glaser Weil

1   'prescribed' exceptions applies"); *Bosworth v. Cubicon Corp.*, 2016 WL 4088879, at *1 (N.D. Cal.

2   Aug. 2, 2016) (Alsup, J.) ("A district court *must* confirm an arbitration award unless it is vacated

3   pursuant to Section 10 or modified pursuant to Section 11 ….") (emphasis in original).

4        The grounds for vacating or correcting an arbitration award under Sections 10 and 11 are

5   limited to: (1) fraud in the procurement of the agreement; (2) arbitrator corruption; (3) arbitrator

6   misconduct or exceeding of powers; and (4) corrections for material miscalculations, exceeding of

7   powers, or imperfection of form. *G.C. & K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1104 (9th

8   Cir. 2003). As Section 10 provides the exclusive grounds for vacatur of an arbitration award, a party

9   seeking vacatur "must clear a high hurdle." *Smith v. VMware, Inc.*, 2018 WL 3744472, *1 (N.D.

10  Cal. Aug. 7, 2018) (Gilliam, J.) (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S.

11  662, 671 (2010)).

12       Thus, "[c]onfirmation is a summary proceeding that converts a final arbitration award into a

13  judgment of the court." *K&M Installation, Inc. v. United Brotherhood of Carpenters, Local 405*,

14  2016 WL 1559712, at *2 (N.D. Cal. Apr. 18, 2016) (James, M.J.) (quoting *Ministry of Def. &*

15  *Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Sys., Inc.*, 665 F.3d

16  1091, 1094 n.1 (9th Cir. 2011)). Because the exceptions to confirmation are so limited, "review of

17  the award itself is 'both limited and highly deferential' and an arbitration award may be vacated

18  only if it is 'completely irrational' or 'constitutes manifest disregard of the law.'" *PowerAgent Inc.*

19  *v. Electronic Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004) (quoting *Coutee*, 336 F.3d at

20  1132-33; *see also Hall Street*, 552 U.S. at 588 ("Instead of fighting the text, it makes more sense to

21  see the three provisions, §§ 9-11, as substantiating a national policy favoring arbitration with just the

22  limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway");

23  *K&M Installation*, 2016 WL 1559712 at *2-3. Under that standard, "confirmation is required even

24  in the face of erroneous findings of fact or misinterpretations of law." *Kyocera Corp. v. Prudential-*

25  *Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (quoting *French v. Merrill Lynch,*

26  *Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986) (internal quotations omitted). A

27  showing of error—"or even a serious error"—is insufficient to set aside an arbitration award. *Stolt-*

28  *Nielsen*, 559 U.S. at 671.

9

**PETITIONER MARCY SIMON'S PETITION TO**
**CONFIRM ARBITRATION AWARD**                                    **CASE NO. 3:21-mc-80013**

1    Here, Ms. Simon has filed this Petition to Confirm within the one-year time limit set forth in

2  9 U.S.C. § 9. Absent proof by Respondents that any of the limited grounds set forth in Sections 10

3  and 11 apply, the Court should confirm the Final Award in its entirety and enter Judgment thereon

4  promptly. Ms. Simon has submitted and served a Proposed Order and Proposed Judgment

5  concurrently with the filing of this Petition.

6  V.    **Conclusion**

7        Ms. Simon respectfully requests that, in accordance with the Federal Arbitration Act and the

8  parties' agreements, the Court enter an order confirming the Final Award in its entirety, enter

9  judgment thereon, and award her attorneys' fees and expenses in incurred in connection with the

10  enforcement of the judgment.

11

12   DATED:  January 19, 2021                    GLASER WEIL FINK HOWARD
                                                 AVCHEN & SHAPIRO LLP
13

14                                       By: _____
15                                           KERRY GARVIS WRIGHT
                                             THOMAS P. BURKE JR.
16                                           Attorneys for Petitioner
                                             Marcy Simon

**Glaser Weil**

10